## Commonwealth v. Nealey

*Kevin A. Hess, Assistant District Attorney,* for Commonwealth.
*Norman M. Yoffee,* for defendant.

SHEELY, *J.,* January 28,1980—Defendant filed a motion to suppress the results of his vehicle being weighed and a hearing was held on January 17, 1980. At the hearing, it was agreed by the Commonwealth and counsel for defendant that this hearing would also be the hearing on the appeal from the summary conviction and if the motion to suppress was overruled, then defendant should be found guilty as charged.

The facts in this case are not in dispute. On November 1, 1979, Trooper Grzymski of the Pennsylvania State Police was assigned to assist a Department of Transportation weight team. About 7:45 a.m., they positioned themselves south of the Borough of Newville near a bridge that had a weight limit of nine tons. Trooper Grzymski testified that all commercial vehicles would be stopped and weighed that crossed the bridge except pick-up trucks. The first commercial vehicle that crossed the bridge other than pick-up trucks was a G.M.C. dual axle truck operated by defendant. The

truck was stopped and weighed at 35,900 lbs. Defendant was issued a citation and found guilty at a hearing before a District Justice.

Trooper Grzymski testified the truck was a closed cargo vehicle and from outward appearances he had no reason to believe that the truck was overweight.

Defendant contends that since Trooper Grzymski had no probable cause to believe the vehicle was overweight, the stop was improper and the results of the weighing of the truck should be suppressed and therefore defendant must be found not guilty.

The Commonwealth admits there was no probable cause to believe that this particular truck was overweight but argues that since all commercial vehicles were to be stopped and weighed, the lack of probable cause should not prevent the prosecution of this defendant.

The Vehicle Code of June 17, 1976, P.L. 162, as amended, 75 Pa.C.S.A. §4981(a), provides in part as follows: "Any police officer is authorized to require the driver of any vehicle or combination to stop and submit the vehicle or combination to be measured and weighed."

Com. v. Swanger, 453 Pa. 107, 307 A. 2d 875 (1973), held that before a police officer may stop a single vehicle to determine whether or not the vehicle is being operated in compliance with the Vehicle Code, he must have probable cause based upon specific facts which indicate to him either the vehicle or the driver is in violation of the code. However, the court in footnote 3 said this: "This opinion should not be read as applicable to systematic stops or roadblocks for detection of The Vehicle Code violations. The issue of the validity of systematic stops of a large number of cars is not now before the Court." Id. at 110, fn. 3, 307 A. 2d at 877. The

holding of Swanger was reaffirmed in Com. v. Murray, 460 Pa. 53, 331 A. 2d 414 (1975).

We also note that the comment to Pa.R.Crim.P. 51(b) which controls the issuance of citations, the rule having been adopted January 23, 1975, effective September 1, 1975, provides in part as follows: "Evidence upon which a police officer may issue a citation may be received by him in any of the following ways . . . or his determination based upon his investigation at the scene that he has probable cause to believe the defendant has committed a summary violation."

The Supreme Court of the United States in Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed. 2d 660 (1979), has held as violative of the Fourth and Fourteenth Amendments a stop made by a Delaware patrolman of a motorist where the patrolman had observed neither traffic nor equipment violation nor any suspicious activity and where the stop was made only to check the driver's license and registration. However, the court went on to say this: "This holding does not preclude the State of Delaware or other States from developing methods for spot checks that involve less intrusion or that do not involve the unconstrained exercise of discretion. Questioning of all oncoming traffic at roadblock-type stops is one possible alternative." Id. at 663, 99 S.Ct. at 1401, 59 L.Ed. 2d at 673-74.

Since the undisputed testimony of Trooper Grzymski clearly established that all commercial vehicles were to be stopped and weighed, we hold that the lack of probable cause to believe that this particular defendant's vehicle was overweight is not controlling. Both the Commonwealth and local authorities whose financial burden it is to maintain and repair bridges have a legitimate concern in trying to prevent overweight vehicles from using

those facilities. Closed trailers or vehicles such as the one in question could travel without fear of overload prosecution because it would be in most cases impossible upon observation by an officer for him to honestly state a reason why he believes the vehicle to be overweight. We further believe that the Pennsylvania Supreme Court cases above cited and the United States Supreme Court case do not prevent a prosecution under this particular factual situation.

We therefore hold that where it is the intention of an officer to stop and weigh all commercial vehicles crossing a bridge and the evidence establishes that this in fact was being done, a prosecution for an overweight vehicle may be sustained even though the officer has no probable cause to believe any particular vehicle is overweight.

### ORDER

And now, January 28, 1980, in accordance with the above opinion, the motion to suppress is overruled and defendant is found guilty of violating section 4902(a) of the Vehicle Code and is directed to pay a fine of $2,250 and the costs of prosecution.

Defendant is hereby directed to appear for sentence on Tuesday, February 12, 1980, unless prior thereto he shall have paid through the Probation Office the fine and all accrued costs.